

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____ **16-20010**

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 371
18 U.S.C. § 286
18 U.S.C. § 641
42 U.S.C. § 1383a(a)(3)
42 U.S.C. § 1383a(a)(2)
18 U.S.C. § 1546(a)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(7)
18 U.S.C. § 982(a)(6)(A)

CR-MORENO

/ O'SULLIVAN

**UNITED STATES OF AMERICA**

vs.

**FERNANDO MENDEZ-VILLAMIL,**
   **a/k/a "Fernando Mendez,"**
**MARITZA EXPOSITO,**
**ARNALDO O. JIMENEZ, and**
**YOMARA VILA,**
   **a/k/a "Yomara Vizcaino,"**

         **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Medicare Program

1.     The Medicare Program ("Medicare") was a federally funded program that provided

free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and

disabled.   The benefits available under Medicare were governed by federal statutes and regulations.   The United States Department of Health and Human Services ("HHS"), a department of the Government of the United States, through its agency the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare.   Individuals who received benefits under Medicare were commonly referred to as "beneficiaries."

2.       Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.       The Medicare program was divided into different "parts."   "Part B" of the Medicare program covered outpatient hospital services and professional services provided by physicians and other providers; it also covered certain drugs provided "incident to" a physician's service and durable medical equipment.   "Part D" of the Medicare program, also known as Medicare prescription drug coverage, helped cover the cost of prescription drugs.   Medicare offered Part D through approved private insurance companies.

4.       Physicians, clinics, and other health care providers that provided services to Medicare beneficiaries were able to apply for and obtain a "provider number."   A health care provider who had been issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries.   A Medicare claim was required to set forth, among other things, the beneficiary's name and Medicare identification number, the services that had been performed for the beneficiary, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who had ordered the services.

## The Medicaid Program

5.       The Medicaid program ("Medicaid") was a joint federal-state health care program

2

providing benefits to low-income individuals and families.   The Medicaid program covered 100% of the payment for a wide variety of costs for medical services provided to eligible beneficiaries who required medical services due to an illness or disability.   In Florida, Medicaid was administered by CMS and the State of Florida Agency for Health Care Administration ("AHCA").

6.      Medicaid was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

7.      Eligibility for Florida Medicaid was determined by the Florida Department of Children and Families (DCF) and by the United States Social Security Administration.   Eligibility for Medicaid benefits included, but was not limited to, a person who met certain income and asset requirements and was a United States citizen or permanent resident who had lived in the United States as a qualified alien for at least five years.   A person applying for Medicaid benefits could also get coverage for children living in their household who were 18 years of age or younger.

### The Social Security Administration, Disability Insurance, and Supplemental Security Income Benefits

8.      The United States Social Security Administration ("SSA") was an agency of the Government of the United States.   The SSA administered two programs that provided assistance to the disabled:   the Social Security disability insurance program and the Supplemental Security Income ("SSI") program (hereinafter collectively referred to as "SSA disability benefits").   SSA disability benefits were paid to people who could not work because they had a medical condition that had lasted, or was expected to last, at least 12-months.   The Social Security disability insurance program was a federal program that paid benefits to insured individuals and their family members.   The SSI program was a federal income supplement program that provided financial

assistance to qualified elderly persons and disabled persons who had limited income and resources.

9.      The decision to provide disability benefits relied in part upon whether: (1) the person was working; (2) the medical condition was considered to be severe (meaning it significantly limited their ability to do basic work activities); (3) the person was unable to perform the work they did previously; and (4) the person was able to do any other type of work.

### The United States Citizenship and Immigration Services and Form N-648

10.     The United States Citizenship and Immigration Services ("USCIS") was a component of the United States Department of Homeland Security, a department of the Government of the United States.   USCIS oversaw lawful immigration into the United States and applications to acquire United States citizenship through naturalization.

11.     Applicants for naturalization were required to satisfy English and civics testing requirements.   In order to be exempted from these testing requirements, an applicant who could not meet these requirements because of a medical disability was required to submit USCIS Form N-648, Medical Certification for Disability Exceptions.   On Form N-648, USCIS required that a licensed medical doctor, or another enumerated medical professional, certify under penalty of perjury that the applicant was prevented from meeting the English requirement, the civics requirement, or both requirements by a physical or developmental disability or mental impairment that had lasted, or was expected to last, 12-months or more.

### The Defendants and Related Company

12.     Dr. Fernando Mendez-Villamil, M.D., P.A. was a Florida corporation located in Miami-Dade County, Florida.

13.     Defendant **FERNANDO MENDEZ-VILLAMIL, a/k/a "Fernando Mendez,"**

was a licensed physician in the State of Florida.   **MENDEZ-VILLAMIL** had an office located in Miami-Dade County at 1898 Coral Way, Miami, Florida.   **MENDEZ-VILLAMIL** was the sole director and registered agent of Dr. Fernando Mendez-Villamil, M.D., P.A. **MENDEZ-VILLAMIL** was enrolled as a Medicare provider with a valid provider number through on or about October 30, 2013.   **MENDEZ-VILLAMIL** was therefore eligible to bill Medicare for medically necessary services provided to Medicare beneficiaries. **MENDEZ-VILLAMIL** was an authorized Medicaid provider through on or about June 20, 2010. **MENDEZ-VILLAMIL** was therefore eligible to bill Medicaid for medically necessary services provided to Medicaid beneficiaries.

14.    Defendant **MARITZA EXPOSITO**, a resident of Miami-Dade County, was employed by **FERNANDO MENDEZ-VILLAMIL**.   **EXPOSITO** was a Medicaid beneficiary from on or about September 1, 2003, through on or about June 30, 2005.

15.    Defendant **ARNALDO O. JIMENEZ**, a resident of Miami-Dade County, was employed by **FERNANDO MENDEZ-VILLAMIL**.   **JIMENEZ** was a Medicaid beneficiary. **JIMENEZ** was an SSA disability benefits recipient.

16.    Defendant **YOMARA VILA, a/k/a "Yomara Vizcaino,"** a resident of Miami-Dade County, was employed by **FERNANDO MENDEZ-VILLAMIL** from in or around 2004 through in or around 2013.   **VILA** was a Medicaid beneficiary through on or about April 30, 2014.   **VILA** was an SSA disability benefits recipient from in or around March 2002 through in or around March 2014.   **VILA** was the representative payee for SSA disability benefits recipient Individual 1 from in or around April 2008 through in or around March 2014.

17.    Individual 1 was an SSA disability benefits recipient from in or around April 2008 through in or around March 2014.

5

18.     Individual 2 was a United States citizen residing in Miami-Dade County, Florida.

19.     Individual 3 was an undocumented alien residing with **FERNANDO MENDEZ-VILLAMIL** in Miami-Dade County, Florida.

20.     Individual 4 was a resident of Miami-Dade County, Florida.

## COUNT 1
### Conspiracy to Commit Wire Fraud and Health Care Fraud
### (18 U.S.C. § 1349)

1.     Paragraphs 1 through 9, 12 through 14, 16, and 17 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     From at least as early as in or around 2002, and continuing through on or about October 30, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MENDEZ-VILLAMIL,**
**a/k/a "Fernando Mendez,"**
**MARITZA EXPOSITO, and**
**YOMARA VILA,**
**a/k/a "Yomara Vizcaino,"**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.     to knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication

6

in interstate commerce, certain writings, signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343; and

> b.      to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

## Purpose of the Conspiracy

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare and Medicaid; (b) concealing the submission of false and fraudulent claims to Medicare and Medicaid, and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for the benefit of themselves and others.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4.      **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, YOMARA VILA,** and others submitted and caused the submission of claims for pharmacological services, and other medical services, such claims falsely and fraudulently representing that these services were medically necessary and had been provided to Medicare and Medicaid beneficiaries.

5.      **FERNANDO MENDEZ-VILLAMIL** provided individuals false and fraudulent diagnoses of debilitating psychiatric conditions so that the individuals could fraudulently obtain

SSA disability benefits, and Medicare and Medicaid benefits.

6.      **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, YOMARA VILA,** and others falsified, and caused the falsification of, records and documents purporting to document the provision of medical services that were not provided and were not medically necessary.

7.      As a result of the submission of such false and fraudulent claims, **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, YOMARA VILA,** and others caused Medicare and Medicaid to make payments to Dr. Fernando Mendez-Villamil, M.D., P.A.

8.      **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, YOMARA VILA,** and others then transferred and disbursed, and caused the transfer and disbursement of, fraud proceeds to themselves and others.

9.      **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, YOMARA VILA,** and their co-conspirators used the money fraudulently obtained from Medicare and Medicaid for their personal use and benefit, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

**<u>COUNTS 2-4</u>**
**Health Care Fraud**
**(18 U.S.C. § 1347)**

1.      Paragraphs 1 through 9, 12 through 14, 16, and 17 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From at least as early as in or around 2002, and continuing through on or about October 30, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

8

**FERNANDO MENDEZ-VILLAMIL,**
a/k/a "Fernando Mendez,"
**MARITZA EXPOSITO, and**
**YOMARA VILA,**
a/k/a "Yomara Vizcaino,"

in connection with the delivery of and payment for health care benefits, items, and services, did

knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health

care benefit program affecting commerce, as defined by Title 18, United States Code, Section

24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses,

representations, and promises, money and property owned by, and under the custody and control

of said health care benefit program.

## Purpose of the Scheme and Artifice

3.      It was the purpose of the scheme and artifice for defendants and their accomplices

to unlawfully enrich themselves by, among other things: (a) submitting and causing the

submission of false and fraudulent claims to Medicare and Medicaid; (b) concealing the

submission of false and fraudulent claims to Medicare and Medicaid, and the receipt and transfer

of fraud proceeds; and (c) diverting fraud proceeds for the benefit of themselves and others.

## The Scheme and Artifice

4.      The allegations contained in paragraphs 4 through 9 of the Manner and Means

section of Count 1 of this Indictment are re-alleged and incorporated by reference as though fully

set forth herein as a description of the scheme and artifice.

## Acts in Execution of the Scheme and Artifice

5.      On or about the dates specified as to each count below, in Miami-Dade County, in

the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MENDEZ-VILLAMIL,**
a/k/a "Fernando Mendez,"
**MARITZA EXPOSITO, and**
**YOMARA VILA,**
a/k/a "Yomara Vizcaino,"

in connection with the delivery of and payment for health care benefits, items, and services, did

knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice

to defraud a health care benefit program affecting commerce, that is, Medicare and Medicaid, and

to obtain, by means of materially false and fraudulent pretenses, representations, and promises,

money and property owned by, and under the custody and control of, said health care benefit

program, in that the defendants submitted and caused the submission of false and fraudulent

Medicare and Medicaid claims seeking the identified dollar amounts, and representing that the

below listed medical items and services were medically necessary and had been provided:

| Count | Beneficiary | Approximate Date of Claim | Claim Number | Purported Date of Service; Service Billed; Code; Approx. Amount of Claim |
|-------|-------------|---------------------------|--------------|-------------------------------------------------------------------------|
| 2 | T.C. | 03/16/2011 | 590211075131570 | 03/03/2011; Pharmacological Services; 90862; $125 |
| 3 | Individual 1 | 12/02/2011 | 590211336096420 | 11/04/2011; Pharmacological Services; 90862; $125 |
| 4 | Individual 1 | 03/19/2013 | 591013078297860 | 04/19/2012; Pharmacological Services; 90862; $125 |

In violation of Title 18, United States Code, Sections 1347 and 2.

<u>**COUNT 5**</u>
**Conspiracy to Defraud the United States and Make**
**False Statements with Respect to Immigration Matters**
**(18 U.S.C. § 371)**

1.        Paragraphs 1 through 20 of the General Allegations section of this Indictment are

re-alleged and incorporated by reference as though fully set forth herein.

2.     From at least as early as in or around 2002, and continuing through the date of the filing of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MENDEZ-VILLAMIL,**
a/k/a "Fernando Mendez,"
**MARITZA EXPOSITO,**
**ARNALDO O. JIMENEZ, and**
**YOMARA VILA,**
a/k/a "Yomara Vizcaino,"

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, and others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

a.     to defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare and Medicaid programs;

b.     to defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the Social Security Administration in its administration and oversight of the Social Security disability insurance and the SSI programs;

c.     to defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the USCIS in its administration of the immigration laws of the United States; and

d.     to violate Title 18, United States Code, Section 1546(a), by knowingly

11

subscribing and causing to be subscribed as true, under penalty of perjury, false statements with respect to a material fact in any application, affidavit, and other document required by the immigration laws or regulations prescribed thereunder, and by knowingly presenting and causing to be presented to the USCIS applications and documents required by the immigration laws and regulations prescribed thereunder, which contained false statements with respect to a material fact.

### Purpose of the Conspiracy

It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves and otherwise benefit themselves by, among other things: (1) submitting and causing the submission of false and fraudulent claims to Medicare and Medicaid; (2) making false and fraudulent statements and representations to the SSA regarding the medical treatment and condition of SSA disability benefits applicants and recipients; (3) making false and fraudulent statements and representations to USCIS regarding the status, medical treatment, and medical condition of applicants for immigration benefits; (4) concealing the submission of false and fraudulent claims to Medicare and Medicaid; and (5) concealing the fraud proceeds and diverting the same for the benefit of themselves and others.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things:

3.     **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, ARNALDO O. JIMENEZ,** and others solicited and obtained payment from individuals in exchange for making false and fraudulent statements and representations to the Government of the United States regarding the medical treatment and condition of individuals.

4.     **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, YOMARA**

**VILA,** and others submitted and caused the submission of claims to Medicare and Medicaid for medical goods and services, including medication management and medications, that where not medically necessary and were not provided.

5.    **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO,** and **ARNALDO O. JIMENEZ** provided individuals, including **YOMARA VILA,** prescriptions for medicines that were not medically necessary in order to create false records and evidence to support false and fraudulent psychiatric diagnoses.

6.    **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, ARNALDO O. JIMENEZ,** and **YOMARA VILA** created and caused the creation of Form N-648's containing false and fraudulent statements and representations which were presented to the USCIS so that individuals, including **MARITZA EXPOSITO, YOMARA VILA,** and others, would be exempted from the civics and English testing requirements for naturalization.

7.    **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, ARNALDO O. JIMENEZ,** and others made, and caused others to make, false and fraudulent statements and representations to the USCIS regarding the marriage and relationship of Individual 2 and Individual 3 in order to fraudulently secure immigration benefits for Individual 3.

8.    **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, ARNALDO O. JIMENEZ, YOMARA VILA,** and others provided, and caused to be provided, false and fraudulent information and documents to the SSA regarding the employment, income and medical condition of SSA benefit applicants and recipients in order to fraudulently obtain SSA disability benefits.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. In or around 2003, **ARNALDO O. JIMENEZ** asked if Individual 4 was interested in obtaining SSA disability benefits.

2. In or around 2004, **ARNALDO O. JIMENEZ** and **MARITZA EXPOSITO** introduced Individual 2 to **FERNANDO MENDEZ-VILLAMIL** as a person interested in marrying for the purpose of evading a provision of the immigration laws of the United States.

3. In or around 2004, **FERNANDO MENDEZ-VILLAMIL** offered to assist Individual 2 to fraudulently obtain SSA disability benefits in exchange for Individual 2 entering into marriage with Individual 3 for the purpose of evading a provision of the immigration laws of the United States.

4. On or about March 19, 2004, **FERNANDO MENDEZ-VILLAMIL** certified a USCIS Form N-648 containing false and fraudulent statements regarding **YOMARA VILA.**

5. On or about June 10, 2004, **FERNANDO MENDEZ-VILLAMIL** certified a USCIS Form N-648 containing false and fraudulent statements regarding **MARITZA EXPOSITO.**

6. On or about October 21, 2004, **FERNANDO MENDEZ-VILLAMIL** caused Individual 2 and Individual 3 to enter into marriage for the purpose of evading a provision of the immigration laws of the United States.

7. On or about April 9, 2005, **FERNANDO MENDEZ-VILLAMIL** certified a USCIS Form N-648 containing false and fraudulent statements regarding **MARITZA**

14

EXPOSITO.

8.      On or about July 17, 2007, **FERNANDO MENDEZ-VILLAMIL,** Individual 2, and Individual 3 filed and caused to be filed with the USCIS a petition to confer immigration benefits upon Individual 3 which contained false and fraudulent statements and representations.

9.      On or about March 27, 2008, **FERNANDO MENDEZ-VILLAMIL** signed a notarized statement falsely and fraudulently stating that he rented a bedroom to Individual 2 and Individual 3 from January 2005 until August 2007.

10.     On or about June 1, 2013, **FERNANDO MENDEZ-VILLAMIL** certified a USCIS Form N-648 containing false and fraudulent statements regarding G.D.M.

11.     On or about July 13, 2013, **FERNANDO MENDEZ-VILLAMIL** certified a USCIS Form N-648 containing false and fraudulent statements regarding A.P.

12.     On or about November 27, 2013, **FERNANDO MENDEZ-VILLAMIL** certified a USCIS Form N-648 containing false and fraudulent statements regarding A.A.N.

13.     On or about December 5, 2013, **FERNANDO MENDEZ-VILLAMIL** and **YOMARA VILA** submitted and caused the submission of documents to the SSA which contained false and fraudulent statements and representations regarding the treatment and medical condition of **YOMARA VILA.**

14.     On or about April 22, 2015, **ARNALDO O. JIMENEZ** referred Individual 4 to **MARITZA EXPOSITO** as a person interested in fraudulently obtaining SSA disability benefits.

15.     On or about April 30, 2015, **MARITZA EXPOSITO** received $1,500 cash from Individual 4 in exchange for **FERNANDO MENDEZ-VILLAMIL** assisting Individual 4 to fraudulently obtain SSA disability benefits.

16.     On or about April 30, 2015, **FERNANDO MENDEZ-VILLAMIL** provided

15

Individual 4 a prescription for medicine that was not medically necessary.

17.     On or about April 30, 2015, **FERNANDO MENDEZ-VILLAMIL** certified a USCIS Form N-648 containing false and fraudulent statements regarding M.L.

18.     On or about September 2, 2015, **FERNANDO MENDEZ-VILLAMIL** and **MARITZA EXPOSITO** provided Individual 4 a prescription for medicine that was not medically necessary.

19.     On or about November 18, 2015, **FERNANDO MENDEZ-VILLAMIL,** **MARITZA EXPOSITO,** and **ARNALDO O. JIMENEZ** submitted and caused to be submitted to the SSA documents containing false and fraudulent statements and representations regarding the medical condition and treatment of Individual 4.

All in violation of Title 18, United States Code, Section 371.

### COUNT 6
### Conspiracy to Defraud the Government with Respect to Claims
### (18 U.S.C. § 286)

1.     Paragraphs 8, 9, 12 through 17, and 20, of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     From at least as early as in or around 2002, and continuing through the date of the filing of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MENDEZ-VILLAMIL,**
**a/k/a "Fernando Mendez,"**
**MARITZA EXPOSITO,**
**ARNALDO O. JIMENEZ, and**
**YOMARA VILA,**
**a/k/a "Yomara Vizcaino,"**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly

16

combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to defraud the United States, and any department and agency thereof, that is, the Social Security Administration, by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent SSA disability benefits claims, in violation of Title 18, United States Code, Section 286.

### Purpose of the Conspiracy

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (1) filing and aiding in the filing of fraudulent applications for SSA disability benefits; (2) making false and fraudulent statements and representations to the SSA regarding the medical treatment and condition of SSA disability benefits applicants and recipients; and (3) fraudulently receiving and assisting others to fraudulently receive SSA disability benefits.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things:

4.      **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, ARNALDO O. JIMENEZ,** and others offered to aid and aided others, including **YOMARA VILA,** to fraudulently apply for and receive SSA disability benefits.

5.      **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, ARNALDO O. JIMENEZ, YOMARA VILA,** and others provided, and caused others to provide, false and fraudulent documents and statements to the SSA regarding the employment, income and medical condition of SSA benefit applicants and recipients.

6.      **FERNANDO MENDEZ-VILLAMIL, MARITZA EXPOSITO, ARNALDO O. JIMENEZ, YOMARA VILA,** and others fraudulently obtained, and caused others to

17

fraudulently obtain, SSA disability benefits.

All in violation of Title 18, United States Code, Section 286.

## COUNT 7-14
### Theft of Government Funds
### (18 U.S.C. § 641)

1.      Paragraphs 8, 9, 13, and 15 through 17 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, listed below as to each count, did knowingly and willfully, steal, purloin, and convert to their own use money of the United States and a department or agency thereof, the aggregate amount of which exceeded $1,000.00, that is, Social Security disability benefits, to which they were not entitled:

| Count | Defendant(s) | Description of Benefit | Approx. Date of Payment | Approx. Amount Payment |
|---|---|---|---|---|
| 7 | FERNANDO MENDEZ-VILLAMIL and YOMARA VILA | SSI for Individual 1 | 09/30/2011 | $109 |
| 8 | FERNANDO MENDEZ-VILLAMIL and YOMARA VILA | Disability Insurance for Individual 1 | 10/03/2011 | $585 |
| 9 | FERNANDO MENDEZ-VILLAMIL and YOMARA VILA | SSI for YOMARA VILA | 11/01/2011 | $674 |
| 10 | FERNANDO MENDEZ-VILLAMIL and YOMARA VILA | SSI for YOMARA VILA | 12/31/2012 | $710 |
| 11 | FERNANDO MENDEZ-VILLAMIL and YOMARA VILA | SSI for Individual 1 | 02/28/2014 | $115 |

18

| Count | Defendant(s) | Description of Benefit | Approx. Date of Payment | Approx. Amount Payment |
|-------|--------------|------------------------|-------------------------|------------------------|
| 12 | **FERNANDO MENDEZ-VILLAMIL and YOMARA VILA** | Disability Insurance for Individual 1 | 03/03/2014 | $626 |
| 13 | **ARNALDO O. JIMENEZ** | SSI for **ARNALDO O. JIMENEZ** | 04/01/2015 | $733 |
| 14 | **ARNALDO O. JIMENEZ** | SSI for **ARNALDO O. JIMENEZ** | 12/01/2015 | $733 |

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT 15
### Knowledge of an Event Affecting Right to Benefits
### (42 U.S.C. § 1383a(a)(3))

1.　　Paragraphs 8, 9, and 16 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.　　On or about December 6, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### YOMARA VILA,
### a/k/a "Yomara Vizcaino,"

having knowledge of the occurrence of an event affecting her continued right to any Social Security disability payment, that is, that the make-up of her household included H.V., did knowingly conceal and fail to disclose such event with the intent to fraudulently secure additional Supplemental Security Income disability benefits after December 6, 2012, in a greater amount than was due and that were not authorized, in violation of Title 42, United States Code, Section 1383a(a)(3).

19

## COUNT 16
### False Statements to Social Security Administration
### (18 U.S.C. § 1383a(a)(2))

1.      Paragraphs 8, 9, 13 through 15, and 20 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about November 18, 2015, in Miami-Dade County, in the Southern District of Florida, the defendants,

**FERNANDO MENDEZ-VILLAMIL,**
**a/k/a "Fernando Mendez,"**
**MARITZA EXPOSITO, and**
**ARNALDO O. JIMENEZ,**

in a matter within the jurisdiction of the Social Security Administration, did knowingly and willfully make and cause to be made a false statement and representation of a material fact for use in determining rights to Supplemental Security Income disability benefits, that is, the defendants represented to the Social Security Administration that Individual 4 was unable to work at all, when in truth and in fact, and as the defendants then and there well knew, Individual 4 was able to work, in violation of Title 42, United States Code, Section 1383a(a)(2), and Title 18, United States Code, Section 2.

## COUNT 17
### False Statements to Social Security Administration
### (18 U.S.C. § 1383a(a)(2))

1.      Paragraphs 8, 9, 13 through 15, and 20 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about November 18, 2015, in Miami-Dade County, in the Southern District of Florida, the defendants,

**FERNANDO MENDEZ-VILLAMIL,**
**a/k/a "Fernando Mendez,"**
**MARITZA EXPOSITO, and**
**ARNALDO O. JIMENEZ,**

in a matter within the jurisdiction of the Social Security Administration, did knowingly and

willfully make and cause to be made a false statement and representation of a material fact for use

in determining rights to Supplemental Security Income disability benefits, that is, defendants

represented to the Social Security Administration that Individual 4 had an initial psychiatric

evaluation on January 23, 2014, when in truth and in fact, and as the defendants then and there well

knew, Individual 4 had not had an initial psychiatric evaluation on January 23, 2014, in violation

of Title 42, United States Code, Section 1383a(a)(2), and Title 18, United States Code, Section 2.

<u>**COUNT 18**</u>
**False Statements to Social Security Administration**
**(42 U.S.C. § 1383a(a)(2))**

1.       Paragraphs 8, 9, and 15 of the General Allegations section of this Indictment are

re-alleged and incorporated by reference as though fully set forth herein.

2.       On or about December 11, 2015, in Miami-Dade County, in the Southern District

of Florida, the defendant,

**ARNALDO O. JIMENEZ,**

in a matter within the jurisdiction of the Social Security Administration, did knowingly and

willfully make and cause to be made a false statement and representation of a material fact for use

in determining rights to Supplemental Security Income disability benefits, that is, in a Continuing

Disability Review with the Social Security Administration defendant stated that he had not worked

since his previous medical disability decision, when in truth and in fact, and as the defendant then

and there well knew, he had in fact worked since his last medical disability decision, in violation of

Title 42, United States Code, Section 1383a(a)(2).

## COUNTS 19-21
### Making False Statements with Respect to Immigration Matters
### (18 U.S.C. § 1546(a))

1.     Paragraphs 10, 11, and 13 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MENDEZ-VILLAMIL,**
**a/k/a "Fernando Mendez,"**
**MARITZA EXPOSITO, and**
**ARNALDO O. JIMENEZ,**

under penalty of perjury, did knowingly subscribe and cause to be subscribed as true a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws or regulations prescribed thereunder, and did knowingly present and cause to be presented to the USCIS an application and document required by the immigration laws and regulations prescribed thereunder, which contained a false statement with respect to a material fact:

| Count | Approx. Date | Document |
|-------|--------------|----------|
| 19 | 06/01/2013 | USCIS Form N-648 regarding G.D.M. |
| 20 | 11/27/2013 | USCIS Form N-648 regarding A.A.N. |
| 21 | 04/30/2015 | USCIS Form N-648 regarding M.L. |

In violation of Title 18, United States Code, Section 1546(a) and Title 18, United States Code, Section 2.

## FORFEITURE
### (18 U.S.C. §§ 981(a)(1)(C), 982(a)(7) and (6)(A))

1.      The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which each of the defendants, **FERNANDO MENDEZ-VILLAMIL, a/k/a "Fernando Mendez," MARITZA EXPOSITO, ARNALDO O. JIMENEZ,** and **YOMARA VILA, a/k/a "Yomara Vizcaino,"** have an interest.

2.      Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1343, or a violation of Title 18, United States Code, Section 641, as alleged in this Indictment, a defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      Upon conviction of a violation of, or a conspiracy to violate Title 18, United States Code, Section 1347, as alleged in this Indictment, a defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense pursuant to Title 18, United States Code, Section 982(a)(7).

4.      Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1546, as alleged in this Indictment, a defendant shall forfeit to the United States: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and (b) any property real or personal, (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or (ii) that was used to facilitate, or was intended to be used to facilitate, the commission of the offense, pursuant to

Title 18, United States Code, Section 982(a)(6)(A).

5.      The property subject to forfeiture includes a money judgment in the amount of the value of any property that was used to facilitate, or was intended to be used to facilitate, the commission of the charged offenses and the proceeds derived from the offenses.

6.      If any of the property described above, as a result of any act or omission of a defendant:

   a.      cannot be located upon the exercise of due diligence;

   b.      has been transferred or sold to, or deposited with, a third party;

   c.      has been placed beyond the jurisdiction of the court;

   d.      has been substantially diminished in value; or

   e.      has been commingled with other property which cannot be divided
           without difficulty;

it is the intent of the United States to seek forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), including but not limited to the following:

   1)      the real property located at 1898 SW 22 Street, Miami, Florida; and

   2)      the real property located at 6211 SW 79 Street, South Miami, Florida.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 982(a)(6)(A) and 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

ERIC E. MORALES
ASSISTANT U.S. ATTORNEY

HAGERENESH SIMMONS
SPECIAL ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

FERNANDO MENDEZ-VILLAMIL,
    a/k/a "Fernando Mendez", et al.,

_____ **Defendants.** ____ /

CASE NO.

    _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | | |
|---|---|---|
| __X__ Miami | _____ Key West | |
| _____ FTL | _____ WPB | _____ FTP |

New Defendant(s)      Yes _____    No _____
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:

1.     I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.     I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.     Interpreter:     (Yes or No)      __Yes__
       List language and/or dialect      __Spanish____

4.     This case will take __20__ days for the parties to try.

5.     Please check appropriate category and type of offense listed below:

    (Check only one)                       (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | | |
| II | 6 to 10 days | | Minor | | |
| II | 11 to 20 days | __X__ | Misdem. | | |
| IV | 21 to 60 days | | Felony | __X__ | |
| V: | 61 days and over | | | | |

6.     Has this case been previously filed in this District Court?      (Yes or No)      __No__
If yes:
Judge:                                Case No.      _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?      (Yes or No)      __No__
If yes:
Magistrate Case No.      _____
Related Miscellaneous numbers:      _____
Defendant(s) in federal custody as of      _____
Defendant(s) in state custody as of      _____
Rule 20 from the _____      District of _____

Is this a potential death penalty case? (Yes or No)      __No__

7.     Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?      _____ Yes    __X__ No

8.     Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?      _____ Yes    __X__ No

                                           _____
                                           Eric E. Morales
                                           ASSISTANT UNITED STATES ATTORNEY
                                           Florida Bar No. A5500886

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **FERNANDO MENDEZ-VILLAMIL, a/k/a "Fernando Mendez"**

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Counts #: 2-4

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

Count #: 5

Conspiracy to Defraud the United States and Make False Statements with Respect to Immigration

Matters

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years' imprisonment

Count #: 6

Conspiracy to Defraud the Government with Respect to Claims

Title 18, United States Code, Section 286

**\*Max. Penalty:** Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts #: 7-12

Theft of Government Funds

Title 18, United States Code, Section 641

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

Counts #: 16-17

False Statements to Social Security Administration

Title 18, United States Code, Section 1383a(a)(2)

**\*Max. Penalty:** Five (5) years' imprisonment as to each count

Counts #: 19-21

Making False Statements with Respect to Immigration Matters

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: MARITZA EXPOSITO**

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**: Twenty (20) years' imprisonment

Counts #: 2-4

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

Count #: 5

Conspiracy to Defraud the United States and Make False Statements with Respect to Immigration

Matters

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years' imprisonment

Count #: 6

Conspiracy to Defraud the Government with Respect to Claims

Title 18, United States Code, Section 286

**\*Max. Penalty:** Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts #: 16-17

False Statements to Social Security Administration

Title 18, United States Code, Section 1383a(a)(2)

**\*Max. Penalty:** Five (5) years' imprisonment as to each count

Counts #: 19-21

Making False Statements with Respect to Immigration Matters

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **ARNALDO O. JIMENEZ**

**Case No:**

Count #: 5

Conspiracy to Defraud the United States and Make False Statements with Respect to Immigration Matters

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years' imprisonment

Count #: 6

Conspiracy to Defraud the Government with Respect to Claims

Title 18, United States Code, Section 286

**\*Max. Penalty:** Ten (10) years' imprisonment

Counts #: 13 and 14

Theft of Government Funds

Title 18, United States Code, Section 641

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

Counts #: 16-18

False Statements to Social Security Administration

Title 18, United States Code, Section 1383a(a)(2)

**\*Max. Penalty:** Five (5) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts #: 19-21

<u>Making False Statements with Respect to Immigration Matters</u>

<u>Title 18, United States Code, Section 1546(a)</u>

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:** <u>YOMARA VILA</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Commit Health Care Fraud and Wire Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

**\* Max. Penalty**: Twenty (20) years' imprisonment

Counts #: 2-4

<u>Health Care Fraud</u>

<u>Title 18, United States Code, Section 1347</u>

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

Count #: 5

<u>Conspiracy to Defraud the United States and Make False Statements with Respect to Immigration</u>

<u>Matters</u>

<u>Title 18, United States Code, Section 371</u>

**\*Max. Penalty:** Five (5) years' imprisonment

Count #: 6

<u>Conspiracy to Defraud the Government with Respect to Claims</u>

<u>Title 18, United States Code, Section 286</u>

**\*Max. Penalty:** Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts #: 7-12

Theft of Government Funds

Title 18, United States Code, Section 641

**\*Max. Penalty:** Ten (10) years' imprisonment as to each count

Count #: 15

Knowledge of an Event Affecting Right to Benefits

Title 42, United States Code, Section 1383a(a)(3)

**\*Max. Penalty:** Five (5) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**